**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ALBERTA TETZLAFF,<br><br>  Plaintiff,<br><br>  v.<br><br>METROPOLITAN LIFE INSURANCE COMPANY, et al.,<br><br>  Defendants. | Case No.: 1:11-cv-00722 AWI JLT<br><br>ORDER DENYING STIPULATION TO AMEND SCHEDULING ORDER<br><br>(Doc. 23) |

    Before the Court is the stipulation of counsel to amend the scheduling order to extend the dates by which non-expert discovery, expert disclosures and expert discovery will be completed. Counsel report that they desire the extension of time because it would "allow the parties to participate in informal settlement discussions and if necessary schedule a mediation, well in advance of these upcoming deadlines." (Doc 23 at 3)

    In this case, on October 26, 2011, the Court issued a scheduling order in this case. (Doc. 20) This order set the various deadlines, after reviewing the proposed dates suggested by counsel. Notably, counsel had requested that expert disclosures occur on May 25, 2012, rebuttal disclosure to occur by June 27, 2012 and an expert discovery deadline of August 24, 2012. (Doc. 18 at 4) In addition, counsel proposed that all non-expert discovery efforts conclude on June 22, 2012. Id. In its

1

scheduling order, the Court adopted these deadlines for the most part but also provided extra time to complete most of these tasks. (Doc. 20)

At the time that counsel submitted their joint scheduling report on October 18, 2011 in advance of the scheduling conference, they were already intending to have informal settlement discussions and, as necessary, engage in private mediation. Counsel reported, "The parties are in the process of pursuing settlement discussions informally and possibly through the services of a retained mediator. No specific demands or offers have yet been made. The parties propose July 13, 2012 as the last day to complete mediation." (Doc. 18 at 5) Nevertheless, in their current stipulation they fail to explain why they did not engage in these efforts earlier when doing so would not have necessitated a modification of the scheduling order.

Importantly, the scheduling order issued in this case reminded the parties that the deadlines selected were firm and would not be modified absent a showing of good cause. (Doc. 20 at 6.) The order reads,

> **The dates set in this Order are considered to be firm and will not be modified absent a showing of good cause even if the request to modify is made by stipulation.** Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate attached exhibits, which establish good cause for granting the relief requested.

Id. In addition, Fed. R. Civ. P. 16(b)(3) makes clear that a scheduling order may be modified only for good cause and only with the judge's consent. Fed. R. Civ. P. 16(b). In Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992), the Court explained,

> . . . Rule 16(b)'s "good cause" standard primarily concerns the diligence of the party seeking the amendment. The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." Fed.R.Civ.P. 16 advisory committee's notes (1983 amendment) . . . [T]he focus of the inquiry is upon the moving party's reasons for seeking modification. . . . If that party was not diligent, the inquiry should end.

Thus, parties must "diligently attempt to adhere to that schedule throughout the subsequent course of the litigation." Jackson v. Laureate, Inc., 186 F.R.D. 605, 607 (E.D. Cal. 1999); see Marcum v. Zimmer, 163 F.R.D. 250, 254 (S.D. W.Va. 1995). In part, the "good cause" standard requires the parties to demonstrate that "noncompliance with a Rule 16 deadline occurred or will occur,

notwithstanding diligent efforts to comply, *because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 Scheduling conference . . .*" Jackson, 186 F.R.D. at 608, emphasis added.

Here, the parties have been anticipating settlement discussions for nearly eight months. The need to engage in these efforts was a circumstance that was known to them at the making of scheduling order and, in fact, counsel believed that they could complete these efforts by July 2012. (Doc. 18 at 5) Though the Court applauds the parties' desire to resolve this matter and enthusiastically encourages this pursuit, the Court also bemoans the resources that have been wasted already due to the delay in scheduling the mediation and the waste of resources that will occur while mediation efforts are underway. Unfortunately, however, this is a circumstance of the parties making. Because the parties indisputably committed to pursue mediation more than 7 months ago, finally engaging in it now is not an "unanticipated" circumstance that constitutes good cause to amend the scheduling order. Jackson, 186 F.R.D. at 608. Therefore, the parties' request to extend the discovery deadline set forth in the scheduling order is **DENIED**.

IT IS SO ORDERED.

Dated:   **May 25, 2012**              **/s/ Jennifer L. Thurston**
                                        UNITED STATES MAGISTRATE JUDGE